IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 4:22-CV-00007-M

| | |
|---|---|
| RAQUAN GREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| OFFICER LAMAR, OFFICER DOBBS, ) | |
| OFFICER JARED, OFFICER SALTER, ) | |
| OFFICER EUBANKS, OFFICER BANDE, ) | |
| and the PITT COUNTY SHERIFF'S ) | |
| OFFICE. ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on Defendants' motions to dismiss Plaintiffs' claims against them. DEs 14, 26. Plaintiff Raquan Grey asserts that Defendants violated his Fourth Amendment rights during responses to his residence. Defendant Pitt County Sheriff's Department (the Sheriff's Department) moves to dismiss Plaintiff's claim against it for failure to state a claim upon which relief can be granted. *See* DE 14. Defendants Officer Lamar, Officer Dobbs, Officer Jared, Officer Salter, Officer Eubanks, and Officer Bande (collectively, the Officer Defendants) move to dismiss Plaintiffs claims against them for lack of personal jurisdiction. *See* DE 26. Plaintiff has not responded in opposition to either motion. Both motions are granted for the reasons set forth below.

## I. Background

### A. Factual Allegations

Plaintiff makes the following factual allegations—as distinct from legal conclusions or unsupported inferences—which the court accepts as true. *See King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

Plaintiff lived at his mother's house. DE 1-3 at 2. In October 2021, the Sheriff's Department dispatched Officer Lamar, Officer Jared, and Officer Dobbs to this residence in response to a domestic violence call placed by Plaintiff's sister. *See id.* Upon their arrival, Plaintiff's brother told the officers what had occurred. *See id.* Officer Lamar prepared a police report that included Plaintiff's account. *See id.* These officers left without making any arrests or taking photographs of the alleged victim. *See id.* Sometime later, Plaintiff underwent an unrelated surgery that involved sutures on his wrist. *See id.* at 2–3.

Sometime after this, Officer Lamar and Officer Dobbs returned with another unidentified officer, served Plaintiff with a domestic violence protective order for assaulting his mother, and instructed him to vacate the premises. *See id.* Plaintiff claimed that he had been falsely accused. *See id.* at 3. Eventually, Plaintiff began packing his belongings while his brother recorded the encounter. *See id.* Plaintiff continued to ask why he had to leave. *See id.*

During this discussion, officers tackled Plaintiff from behind, causing the surgical wound on his wrist to bleed. *See id.* After calling for backup, the officers transported Plaintiff to the Pitt County Detention Center, where Officer Bande and other unidentified officers used force against him because an injury prevented him from lifting his leg. *See id.* Officers restrained Plaintiff and forced him to change out of his clothes before he was eventually released. *See id.* at 4.

Later, Officer Salter and Officer Eubanks arrested Plaintiff for allegedly violating the protective order a second time although he was not near his mother's home. *See id.* They detained him while waiting to take a statement from the person who had reported him but declined to talk to a witness Plaintiff identified. *See id.* These officers knew about the caller's history of making false reports against Plaintiff and his family. *See id.*

### B. Procedural Background

Plaintiff, acting pro se, initiated this action by filing a summons and complaint in the Pitt County General Court of Justice, Superior Court Division on December 22, 2021. *See* DE 1-3; DE 1 at 1. The Pitt County Clerk delivered a copy of the summons and complaint to the Sheriff's Office on December 30, 2021. *See* DE 1-1 at 2. Although separate summonses were issued for the Officer Defendants, *see* DE 1-2, they have not been served, *see* DE 1-6 at 2; DE 27 at 1.

The Sheriff's Office removed the action to this court on January 14, 2022, *see* DE 1, based on Plaintiff's allegation that Defendants violated his Fourth Amendment rights, *see id.* at 1; DE 1-5 at 1. The Sheriff's Office moved for an extension of time in which to respond to the complaint, *see* DE 11, which was granted, *see* DE 13.

The Sheriff's Office moved to dismiss Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(6), *see* DE 14, and filed a supporting memorandum, *see* DE 15. The Clerk of Court issued a Rule 12 letter to Plaintiff advising him of this motion that directed him to file any response by March 11, 2022. *See* DE 17. Plaintiff did not file a response and has not sought leave to do so out of time.

On May 6, 2022, the Officer Defendants moved to dismiss Plaintiff's claims against them under Federal Rule of Civil Procedure 12(b)(2), *see* DE 26, and submitted a supporting memorandum, *see* DE 27. The Clerk of Court issued a Rule 12 letter to Plaintiff advising him of

this motion that directed him to file any response by May 30, 2022. *See* DE 28. Plaintiff did not file a response and has not sought leave to do so out of time.

## II. The Sheriff's Office's Motion to Dismiss for Failure to State a Claim

The Sheriff's Office contends that Plaintiff's complaint fails to state a claim against it upon which relief can be granted because it is not a legal entity capable of being sued. *See* DE 15 at 5. Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A defendant against whom a claim has been brought can challenge a pleading's sufficiency under Rule 8 by moving the court under Rule 12(b)(6) to dismiss the pleading for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).

When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the well-pleaded factual allegations contained within the complaint and must draw all reasonable inferences in the plaintiff's favor, *see Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017), but any legal conclusions proffered by the plaintiff need not be accepted as true, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The *Iqbal* Court made clear that "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *See id.* at 678–79.

To survive a Rule 12(b)(6) motion, the plaintiff's well-pleaded factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Twombly*'s plausibility standard requires that a plaintiff's well-pleaded

4

factual allegations "be enough to raise a right to relief above the speculative level," i.e., allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *See id.* at 555–56. A speculative claim resting on conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *See Iqbal*, 556 U.S. at 678–79 (quoting Fed. R. Civ. P. 8(a)(2)) ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557) ("'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'").

"State law dictates whether a [state] governmental agency has the capacity to be sued in federal court." *Parker v. Bladen Cnty.*, 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008) (quoting *Efird v. Riley*, 342 F.Supp.2d 413, 419–20 (M.D.N.C. 2004) (citing *Avery v. Burke*, 660 F.2d 111, 113–14 (4th Cir. 1981))). The Sheriff's Office is a governmental unit established by the North Carolina Constitution and governed by the General Statutes. *See Martin v. Cooper*, No. 2:19-CV-2-BO, 2019 WL 4958208, at *4 (E.D.N.C. Oct. 7, 2019), *aff'd*, 797 F. App'x 111 (4th Cir. 2020). No North Carolina statute authorizes suits against sheriffs' departments. *See Parker*, 583 F. Supp. 2d at 740; *Efird*, 342 F. Supp. 2d at 420. Accordingly, "[i]t is well-established that sheriffs' departments in North Carolina are not legal entities that can be sued in federal court." *See Martin*, 2019 WL 4958208, at *4 (collecting cases); *Parker*, 583 F. Supp. 2d at 737 (dismissing state tort and federal constitutional claims against the Bladen County Sheriff's Office after the defendants removed the case to federal court).

In sum, the Sheriff's Office is not a legal entity capable of being sued. Plaintiff thus cannot state a claim against the Sherriff's Office on which relief could be granted. The Sheriff's Office's motion to dismiss is granted.

### III. The Officer Defendants' Motion to Dismiss for Lack of Personal Jurisdiction

The Officer Defendants contend that dismissal for lack of personal jurisdiction is proper because Plaintiff failed to serve them with process. *See* DE 27 at 2. As the Officer Defendants have raised this personal jurisdiction challenge, Plaintiff bears the burden of demonstrating personal jurisdiction. *See UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1057 (2021). He "must establish personal jurisdiction by a preponderance of the evidence but need only make a prima facie showing." *See id.* (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). The court may look beyond the complaint to other attachments to assure itself of personal jurisdiction but must "construe all relevant pleading allegations in the light most favorable to [Plaintiff], assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *See id.* Even so, this court lacks personal jurisdiction over the Officer Defendants because Plaintiff has not established that they have been served with process.

"Personal jurisdiction requires valid service of process that comports with due process." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 228 (4th Cir. 2019) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). As the Officer Defendants have not consented to jurisdiction[1], "there must be [] service that complies with the requirements of an applicable rule or statute." *Id.* Federal and North Carolina law both require the service of summonses with complaints. *See* Fed. R. Civ. P. 4(c)(1); N.C. Gen. Stat. § 1A-1, Rule 4(a)–(c).

---

[1] The Officer Defendants did not waive their objections to personal jurisdiction when this case was removed to federal court. *See Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929); *see also* Wright & Miller, Fed. Prac. & Proc. Civ. § 1082 n.3 (4th ed.) (collecting cases).

As with other challenges to personal jurisdiction, Plaintiff bears the burden of establishing that sufficient process has been validly served. *See, e.g., Elkins v. Broome,* 213 F.R.D. 273, 275 (M.D.N.C. 2003) (addressing challenges to the sufficiency of process and validity of service).

Plaintiff has not filed proof of service or otherwise responded to the Officer Defendants' arguments. Consistent with their unrebutted contentions, the record contains no evidence that Plaintiff served them with summonses before this case was removed. *Cf.* DE 1-6 at 2 (indicating that the Officer Defendants had not been served). While the removal of this case to federal court on January 14, 2022 afforded Plaintiff more time to complete service on the Officer Defendants, *see Rice v. Alpha Sec., Inc.,* 556 F. App'x 257, 260 (4th Cir. 2014) (unpublished) (citing 28 U.S.C. § 1448), the subsequent 90-day window for service under Federal Rule of Civil Procedure 4(m) expired on April 14, 2022. Plaintiff did not timely serve the Officer Defendants and has not sought leave to do so out of time.

Absent a showing that the Officer Defendants have been served with process, the court must dismiss Plaintiff's actions against them without prejudice unless he establishes good cause for this failure. *See* Fed. R. Civ. P. 4(m). Plaintiff has not attempted to do so, and his pro se status alone does not establish good cause. *See Hansan v. Fairfax Cty. Sch. Bd.,* 405 F. App'x 793, 794 (4th Cir. 2010) (unpublished) (quoting *McNeil v. United States,* 508 U.S. 106, 113 (1993)) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Plaintiff's failure to serve process on the Officer Defendants "deprives the court of personal jurisdiction" over them. *See Attkisson v. Holder,* 925 F.3d 606, 628 (4th Cir. 2019), *as amended* (June 10, 2019) (quoting *Koehler v. Dodwell,* 152 F.3d 304, 306 (4th Cir. 1998)). Thus, the Officer Defendant's motion to dismiss is

granted, and Plaintiff's claims against them are dismissed without prejudice. *See id.* (affirming dismissal as to unserved parties without prejudice on this basis).

## IV. Conclusion

For the reasons stated above, the court finds that this action cannot proceed. The court GRANTS the Sheriff's Office's motion to dismiss for failure to state a claim upon which relief can be granted [DE 14] and DISMISSES WITH PREJUDICE Plaintiff's claims against it. The court also GRANTS the Officer Defendants' motion to dismiss for lack of personal jurisdiction [DE 26] and DISMISSES WITHOUT PREJUDICE Plaintiff's claims against them. The Clerk of Court is DIRECTED to close this case.

SO ORDERED this 25th day of August, 2022.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE